

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Earnest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-3530
Re: Where a defendant is charged
with speeding in one precinct
and the case is filed in another
precinct may the defendant upon
motion have the case tried in
the precinct where the offense
occurred upon a motion being duly
filed?

Your request for an opinion from this Department
has been received and considered. We quote from your request:

"Where Defendant is charged with speeding, if the
offense occurred in Precinct One, but the case be filed
in Precinct 2, may Defendant upon motion have the case
tried in Precinct One before the Justice of Precinct One?
In the event the answer to the foregoing question is
"yes", how and when ought the motion to be made?"

Article 883 of the Code of Criminal Procedure, 1925,
provides the form of a complaint in a justice court, as follows:

"Such complaint shall state:
1. The name of the accused, if known, and, if unknown,
shall describe him as accurately as practicable.
2. The offense with which he is charged, in plain
and intelligible words.
3. That the offense was committed in the county in
which the complaint is made.
4. It must show, from the date of the offense stated
therein, that the offense is not barred by limitation."

In the course of our examination, we have been unable to find where the Legislature has authorized the transfer of a case, like the one referred to in your request, from one justice precinct to another.

Provision has been made to transfer cases, in many instances, in both the county courts, county courts at law, and the district courts. We quote from 12 Texas Jurisprudence at page 427:

"For example, provision has been made for the transfer of causes where there are two Criminal District Courts or two County Courts at Law in the same county, and for transfers between District Courts in different districts. Other statutes prescribe the procedure for the transfer of causes between particular Criminal District Courts and District Courts, Criminal District Courts and County Courts, District Courts and County Courts, County Courts and County Courts at Law, County Courts at Law and County Criminal Courts, and from County Courts to District Courts.

"Still other statutes provide for the transfer of causes to Criminal District Courts from District Courts upon the divestiture of the criminal jurisdiction of such District Courts, and to Criminal District Courts when County Courts have been deprived of jurisdiction, or when a Criminal District Court has been dispossessed of its criminal jurisdiction which has been vested in a District Court or a County Court."

We do not believe the holding in the case of Ex Parte Von Koenneritz, 105 Tex. Crim. R. 135, 286 S.W. 987, is authority for the proposition that a defendant may have his case transferred upon proper motion being filed.

In 22 Corpus Juris, Secundum, page 245, the following rule is given:

"In the absence of an applicable statute the transfer of a case from one court of competent jurisdiction to another having concurrent jurisdiction thereof is neither compellable, nor allowable, directly or indirectly. Within constitutional limits, however, the legislature of a state may provide by statute for the transfer of criminal causes from one court

to another, and valid statutes exist in many states under which courts are authorized to transfer such causes instituted before them to other courts."

For all of the reasons discussed, we are of the opinion and you are so advised, that your first question should be answered in the negative. For that reason it is not necessary to answer your other question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

HMcM:AMM

APPROVED MAY 26,1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By s/ Harold McCracken
Assistant

APPROVED: OPINION COMMITTEE

By    BWB    Chairman